# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CALVIN CHEEKS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00463 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NON STOP CONNECTIONS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Calvin Cheeks, Pro Se Plaintiff.*

The plaintiff, Calvin Cheeks, a Virginia inmate proceeding pro se, filed this his Complaint under the Civil Rights Act, 42 U.S.C. § 1983, alleging that $12.00 was removed from his inmate trust account for photographs he ordered from the defendant, and that he never received the items. After review of Cheeks' submissions, I conclude that his allegations do not provide a factual or legal basis for any proper claim and will dismiss the action with prejudice as frivolous.

Cheeks is incarcerated at Buckingham Correctional Center in Dillwyn, Virginia. His Complaint states: "April 07, 2016 am awaiting to receive services from non stop connections. . . . The funds for: 1 photopak $12.00 was taken off my inmate trust account and I was looking forward to getting the 1 photopak, but I never did." Compl. 2, ECF No. 1. Cheeks submits documentation of his order and

payment to the company, which advertises its money back guarantee. As relief, he demands one million dollars from the defendant.

The court may dismiss an action if the court is satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

The plaintiff has no claim under color of state law, as required under 42 U.S.C. § 1983. There is no suggestion that the defendant is a governmental organization or that its alleged failure to fulfill Cheeks' order or to refund his money may be fairly attributed to the state or otherwise qualify it as a state actor subject to suit under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In any event, Cheeks' claims against this defendant also fail because the defendant's alleged actions do not implicate any constitutionally protected right.[1]

For the stated reasons, I will dismiss Cheeks' Complaint with prejudice as frivolous.

A separate Order will be entered herewith.

DATED: November 16, 2017

/s/ James P. Jones
United States District Judge

---

[1] This court also has no jurisdiction to address any possible claim under state law. Cheeks' Complaint fails to invoke the court's diversity jurisdiction because it does not satisfy the threshold amount in controversy requirement. See 28 U.S.C. § 1332(a) (providing diversity jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000"). This is no basis for the claim here of one million dollars.